UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIL BOXES, ETC., INC. and UNITED PARCEL SERVICE OF AMERICA, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED POSTAL BUSINESS CENTER, JOSEPH CHAN, individually, STANLEY CHAN, individually,<br><br>　　　　　　　　　Defendants. | CASE NO. 08cv1383-LAB (BLM)<br><br>ORDER<br><br>(1) DENYING REQUEST FOR ENTRY OF TEMPORARY RESTRAINING ORDER;<br><br>(2) CONSTRUING JOINT MOTION AS REQUEST FOR ENTRY OF CONSENT ORDER; and<br><br>(3) ENTERING ORDER TO ENFORCE PARTIES' AGREEMENT<br><br>[Dkt No. 7, 13] |

　　　On August 6, 2008, counsel for plaintiffs Mail Boxes, Etc., Inc. and United Parcel Service of America, Inc. ("Plaintiffs" or "MBE") obtained an August 18, 2008 hearing date for their *Ex Parte* Application For Temporary Restraining Order ("TRO") in this trademark infringement action. Defendants are two individuals, who are current MBE franchisees, and their allegedly competing postal, packaging, business, and communications retail service center store, United Parcel Business Center. Dkt No. 7. Plaintiffs sought to enjoin Defendants from unauthorized use of MBE's trademarks in connection with the competing business, among other things, for a period of ten (10) days.

　　　On August 14, 2008, Plaintiffs' counsel informed the chambers of the District Judge assigned to this case the parties had filed a document styled as a "Joint Motion For Entry Of Temporary Restraining Order." Dkt No. 13. Counsel informed chambers that document was intended to supersede the *Ex Parte* Application, obviating the need for a TRO hearing

on August 18, 2008, but requested the immediate entry of a TRO as stipulated. Given the changed procedural posture of the case, chambers staff recommended Plaintiffs resubmit the stipulated request as a Joint Motion For Consent Order, withdrawing the request for entry of a TRO, inasmuch as Defendants had agreed to refrain from the exact conduct Plaintiffs sought to have the court enjoin, rendering moot the need for the extraordinary relief.

In the interest of judicial economy, without the need for further filings from the parties, the Court hereby construes the Joint Motion as a stipulation requesting the entry of an Order granting the relief the parties jointly requested, and **GRANTS** the request. Accordingly, **IT IS HEREBY ORDERED**, as stipulated by the parties but without characterization as a TRO:

1. Defendants, and all agents, servants, employees and all persons acting in concert with them or on their behalf, pending further hearing on this matter, agree that Defendants shall refrain (either directly or indirectly) from:

   a. using or displaying Plaintiffs' Marks, or any other of their logos, symbols or trade dress in connection with advertising, distributions, or display for sale of any product or service;

   b. making, in any matter whatsoever, any statement or representation, or performing any act, likely to lead members of the public to believe that defendants' store is in any manner, directly or indirectly, associated, affiliated, connected with, licensed, sponsored, authorized or approved by Plaintiffs;

   c. taking any action, directly or indirectly, in any form or manner whatsoever, that is likely to dilute the distinctive quality of Plaintiffs' famous registered Marks or otherwise taking any action likely to cause tarnishment or disparagement to Plaintiffs' business reputation;

   d. otherwise infringing UPS' or MBE's trade name, trademark or service marks, or otherwise competing unfairly with Plaintiffs in any manner.

2. Defendants must file with the Court and serve upon MBE's counsel by no later than August 25, 2008, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order.

3. This Order is effective immediately, from the date entered, and shall expire ten (10) days after its entry unless Defendants consent that it may be extended for a longer period.

**IT IS SO ORDERED.**

DATED: 8-14-08

HONORABLE LARRY ALAN BURNS
United States District Judge